Shrun LATA, Petitioner,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 03–72355.
Agency No. A42–687–739.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 5, 2004.

Decided Dec. 1, 2004.

Steven Englander, Esq., Law Offices of
Steven Englander, San Francisco, CA, for
Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Linda S. Wernery, Esq.,
William C. Minick, U.S. Department of
Justice, Washington, DC, for Respondent.

Before PAEZ, BERZON, and BEA,
Circuit Judges.

## MEMORANDUM *

Shrun Lata petitions this court for review of the decision of the Board of Immigration Appeals ("BIA") denying her application for a hardship waiver under section 216 of the Immigration and Naturalization Act ("INA"). *See* 8 U.S.C. §§ 1186a(a)(1) and (c)(4)(C). Such a waiver would allow her to seek removal of the condition on her permanent resident status without jointly filing a petition with her former husband, Christopher McVey. *See id.* §§ 1186a(c)(1) and (4)(C). The BIA affirmed the Immigration Judge's ("IJ") denial of Lata's application without opinion in a final administrative order on May 23, 2003, pursuant to its streamlining regulations. 8 C.F.R. § 1003.1(e)(4). Because Lata's proceedings commenced before April 1, 1997, and did not result in a final order of deportation or exclusion entered on or before October 30, 1996, we have jurisdiction under the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), 8 U.S.C. § 1105a (1996), as amended by IIRIRA § 309(c)(4), *see Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997), and we deny the petition.[1]

The BIA adopted the decision of the IJ, so we review the IJ's decision as the final agency action. *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003). We review the BIA's factual findings for substantial evidence. INA § 106(a)(4), 8 U.S.C. § 1105a(a)(4) (1996). Factual findings include adverse credibility determinations, *see Lata v. INS,* 204 F.3d 1241, 1245 (9th Cir.2000), as well as determinations of whether a marriage was entered into in good faith. *Damon v. Ashcroft,* 360 F.3d 1084, 1088 (9th Cir.2004). In order for this court to reverse the IJ's factual findings, the evidence must be so compelling that no reasonable factfinder could fail to find the facts were as Lata alleges. *Khodagholian v. Ashcroft,* 335 F.3d 1003, 1006 (9th Cir.2003).

■ An immigrant spouse must file a petition to remove his or her conditional status jointly with the petitioning spouse. INA § 216(c)(1), 8 U.S.C. § 1186a(c)(1). Section 216(c)(4)(C) of the INA, however, grants the Attorney General discretion to remove the condition on an immigrant's permanent resident status if the immigrant spouse demonstrates that he or she entered into the qualifying marriage in good faith and was subject to abuse or extreme cruelty by his or her spouse. 8 U.S.C. § 1186a(c)(4)(C). At the conclusion of Lata's lengthy hearing, the IJ determined that Lata had not entered into her marriage with McVey in good faith and that McVey did not abuse her or subject her to extreme cruelty. A thorough review of the record by this court confirms that the IJ's determination was supported by substantial evidence.

Contrary to Lata's argument, the IJ considered all of the evidence and carefully weighed it based on his assessment of the credibility of the witnesses and the documentary evidence presented at the hearing. Substantial evidence supports the IJ's finding that Lata and McVey did not intend to establish a life together at the time they were married, and thus that their marriage was not entered into in good faith. *Bark v. INS,* 511 F.2d 1200, 1201 (9th Cir.1975). McVey testified that the two had married solely for immigration purposes, and that letters sent after their

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the facts, we reference them here only as they are necessary to explain our decision.

marriage but before Lata moved to the United States were fraudulently prepared. He also testified that at the time of their marriage he did not intend to live with Lata as husband and wife, and that Lata's uncle had paid him $400 to enter into the marriage.

Furthermore, the IJ noted that officials at the United States Embassy were suspicious of the validity of Lata and McVey's marriage from the time they first applied for Lata's visa. The IJ highlighted the considerable dispute regarding their living arrangements in the United States, as well as discrepancies in statements Lata and McVey each gave to the INS at their June 15, 1993 interview to remove the condition on her permanent resident status. The IJ had legitimate, articulable grounds to find that Lata's conflicting testimony was not credible, and his decision provided specific, cogent reasons for his disbelief. *Osorio v. INS*, 99 F.3d 928, 931 (9th Cir.1996).[2]

Finally, Lata's due process argument that the BIA misused its streamlining procedures in her case also fails. This due process claim is foreclosed by our recent decision in *Falcon Carriche*, 350 F.3d at 852. Moreover, even if her claim before the BIA included new arguments, it does not follow that she is entitled to a reasoned disposition of her appeal by the BIA. *See* 8 C.F.R. § 1003.1(e)(4) (setting forth situations which are inappropriate for the streamlining process but not including cases where new arguments are raised or new evidence presented to the BIA for review); *see also* 64 Fed.Reg. 56,135, 56,137 (Oct. 18, 1999). The IJ's factual findings that Lata contests in this court are not the type of issues "so substantial that the case warrants the issu-

ance of a written opinion" by the BIA. 8 C.F.R. § 1003.1(e)(4)(i)(B); *cf. Chen v. Ashcroft*, 378 F.3d 1081, 1085–87 (9th Cir. 2004) (holding that the BIA's use of its streamlining procedure was inappropriate when the petitioner's legal argument raised "a novel question that has not been addressed by the BIA or this court" but that did have support in BIA precedent and would have a "sweeping" impact on others).

Substantial evidence supports the IJ's factual determinations, and the BIA properly affirmed that decision without opinion. Lata's petition for review of the BIA's denial of her hardship waiver under INA § 216(c)(4)(C) is therefore DENIED.

---

**2.** Because we conclude that substantial evidence supports the IJ's finding that Lata did not enter into her marriage to McVey in good faith, we need not address whether substan-

tial evidence also supports the IJ's finding that Lata was subject to abuse or extreme cruelty. *See* 8 U.S.C. § 1186a(c)(4)(C).